ACCEPTED
01-14-01028-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/14/2015 8:01:00 PM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/14/2015 8:01:00 PM

CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
## FIRST DISTRICT
301 Fannin St, Houston, TX, 77002

———————————————

1st COA Case No. 01-14-01028-CV
(Oral Argument Waived)

Originating Court Case No.    2014-63727

———————————————

## BROWSERWEB MEDIA AGENCY
Appellant

v.

## MAXUS ENERGY CORPORATION
Appellee

———————————————

## OBJECTION TO MOTION TO DISMISS

———————————————

## OBJECTION TO APPELLEE's MOTION TO DISMISS

The Appellant objects to the Appellee's filing dated April 14th, for the following detailed reasons.

## MOTION FOR PRODUCTION OF MISSING DOCUMENTS

Browserweb filed an Informal Brief & Motion to Strike Court Reporter's Record & Fees on March 9, 2015. This Court denied that motion and stated that "the appellant's brief is due within 30 days of the date of this order."

What the Appellee has neglected to include in their waiver objection and summation is that Browserweb filed a Motion for production of missing documents with this Court on 29th March 2015. The Court's written Order / response was issued on the 9th of April, 2015, the same day as the original deadline of April 9th for the filing of the Brief. *(see Exhibit 414)*

If the Appellants' Motion had been approved by this Court, there would be new and important documents for inclusion in the Brief. It is assumed by this pro-se party that as with the first motion, the Court would allow Appellant a 30 day extension after its Order so the Appellant could prepare and file Brief.

# DUE PROCESS

The Fifth and Fourteenth Amendments to the United States Constitution contain a due process clause. Due process deals with the administration of justice and thus the due process clause acts as a safeguard from arbitrary denial of life, liberty, or property by the Government outside the sanction of law. An analysis made by the late Judge Henry Friendly in his well-regarded article, "Some Kind of Hearing," generated a list that remains highly influential, as to both content and relative priority:

1. An unbiased tribunal.

2. Notice of the proposed action and the grounds asserted for it.

3. Opportunity to present reasons why the proposed action should not be taken.

4. The right to present evidence, including the right to call witnesses.

5. The right to know opposing evidence.

6. The right to cross-examine adverse witnesses.

7. A decision based exclusively on the evidence presented.

8. Opportunity to be represented by counsel.

9. Requirement that the tribunal prepare a record of the evidence presented

10. Requirement that the tribunal prepare written findings of fact and reasons for its decision.

# THE REQUIREMENTS OF DUE PROCESS

Due process requires that the procedures by which laws are applied must be even-handed, so that individuals are not subjected to the arbitrary exercise of government power.

Although due process tolerates variances in procedure "appropriate to the nature of the case," it is nonetheless possible to identify its core goals and requirements. First, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."

Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests.

In an adversarial system of justice it is generally considered fair to afford both parties the opportunity to respond. It should follow, if 30 days was allowed by this Court after an Order on Appellants last Motion, it would be logical that the second Motion would receive the same time, especially as the Order was rendered on the date the "original" brief is due.

# VOID FOR VAGUENESS

In American constitutional law, a statute is void for vagueness and unenforceable if it is too vague for the average citizen (or pro-se Appellant) to understand. There are several reasons a statute (in this case; a rule of an organization or institution) may be considered vague; in general, a statute might be called void for vagueness reasons when an average citizen cannot generally determine what persons are regulated, what conduct is prohibited, or what punishment may be imposed.

The Appellant is in the same situation as this case below, albeit, in a civil case setting where the void for vagueness applies in this Appeal. The following pronouncement of the void for vagueness doctrine was made by Justice Sutherland in Connally v. General Construction Co., 269 U.S. 385, 391 (1926):

[T]he terms of a penal statute [...] must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties… and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

## **PRAYER**

For these reasons, Appellant prays that this Court dismisses the Appellee's Motion and extends the Brief filing due date by 30 days.

### **Declaration**

My name is Mark Stephen Burke, my date of birth is June 20th, 1967, my address is 46, Kingwood Greens Dr, Kingwood, TX 77339, USA and I declare under penalty of perjury that the foregoing is true and correct.[1]

---

[1] Sec. 132.001. UNSWORN DECLARATION. (a) Except as provided by Subsection (b), an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

Respectfully Submitted,
On this day, 14th April, 2015

**Mark Burke**
Browserweb Media Agency
46 Kingwood Greens Dr
Kingwood, Texas 77339
Telephone: (832) 654-3511
Facsimile: (866) 705-0576

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided to the following via electronic mail on this 14th day of April, 2015::

**GIBBS & BRUNS, L.L.P.**
J. Benjamin Bireley
1100 Louisiana, Suite 5300
Houston, Texas 77002



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Thursday, April 09, 2015

RE:  Case No. 01-14-01028-CV

Style: Browserweb Media Agency, Mark Burke
   v. Maxus Energy Corporation

Please be advised the Court today **DENIED** Appellant's motion "for production of missing documents" filed March 30, 2015 in the above referenced cause.

T. C. Case # 2014-63727       Christopher A. Prine, Clerk of the Court

John  Bireley
Gibbs & Bruns LLP
1100 Louisiana St Ste 5300
Houston, TX  77002-5215
***DELIVERED VIA E-MAIL***